The secretary-treasurer of plaintiff corporation testified as follows:

"Q. Do you remember any payments that Mr. Natal made to you on this mortgage note? A. I remember three.

"Q. Will you give us the approximate dates of these payments? A. I can give you the exact dates. He made a payment—do you want the amounts too?

"Q. Yes. A. He made a payment on December 3, 1928, of one hundred dollars—he made a payment on January 7, 1929, of one hundred and fifty dollars, and on February 8, 1929, of two hundred and fifty dollars.

"Q. Did Mr. Natal ever promise that he would pay this note? A. Well, he said he was going to try.

"Q. Did he say that he wouldn't pay it? A. No." Tr. p. 27.

An indorser, released from liability on a note because of extension granted maker, becomes liable thereon again, when he promises to pay the note and makes payment thereon, after the extension was granted. It is a new promise to pay the obligation, which is binding upon him without any additional consideration. Beck v. Howard, 3 La. Ann. 501; Williston on Contracts, Vol. 2, par. 1223, page 2222; Spurlin v. Millikin, 16 La. Ann. 217; Rosenda v. Zabriskie, 4 Rob. 493; Rev. Civ. Code, arts. 1758, 1759.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of plaintiff, Mortgage Investment, Inc., and against defendant, Dominick Natal, in the sum of $4,500, together with interest at the rate of 8 per cent. per annum from October 19, 1929, until paid, and with 10 per cent. attorney's fees on principal and interest, and for all costs.

O'NIELL, C. J., concurs in the decree.

160 So. 289

CONWAY, Secretary of State, v. UNION INDEMNITY CO.

No. 33102.

March 4, 1935.

J. C. Henriques, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, and Ball & Ball, of Montgomery, Ala., for appellees.

BRUNOT, Justice.

This is an appeal by the Board of Liquidation of the City Debt from a judgment, on a rule, in the above numbered and entitled case, making the rule absolute, and ordering the defendant in rule, upon compliance with subdivisions (a), (b), and (c) of the judgment, "to transfer registered City of New Orleans 4-½ Serial Gold Bond due January 1, 1959, bearing the number 35, for the principal amount of $50,000.00 * * *, into the name of R. T. Goodwin, Sr., Ancillary Receiver and Liquidator of Union Indemnity Company in the State of Alabama."

There is a correct summary of the facts of the case on page 15 of the appellee's brief, from which we quote the following:

"Union Indemnity Company deposited the $50,000.00 bond with the State Treasurer of Alabama, with a certified copy of a resolution authorizing the Treasurer of Alabama to sell, assign, transfer and set over the bond so deposited; and the Treasurer of Alabama, acting in accordance therewith and in accordance with the orders and permission of the Alabama Court, whose aid the said Treasurer of Alabama invoked in the administration of said fund, delivered and assigned said bond to the said Alabama receiver, who, in turn, requested the Board of Liquidation to register the bond in his name, as receiver, so that it might be used in the administration of the

affairs of the Union Indemnity Company in the Alabama receivership proceedings."

Upon the refusal of the Board of Liquidation of the City Debt to comply with the request of the Alabama receiver, the writ in this case was applied for and issued.

At this point, we direct attention to the fact that all parties that have any claim to the said bond, or to the past-due or accruing interest thereon, have joined in the petition of plaintiffs herein. The sole question presented is whether or not the Alabama receiver is entitled to have the said bond registered in his name on the books of the New Orleans Board of Liquidation of the City Debt.

The Board of Liquidation of the City Debt sets up two defenses to the suit. The first is based on the fact that the bond is registered on the books of the Board of Liquidation of the City Debt *in the name of the Union Indemnity Company*, while the resolution of the board of directors of that company, which, together with the bond was filed with R. L. Bradley, Treasurer of the State of Alabama or his successor in office, recites that said bond is registered *on the books of the Treasury Department of the United States*. In view of the fact that the error complained of is a manifest inadvertence and the bond is so accurately and minutely described in the resolution in all other respects, we are of the opinion that there is no merit in that defense.

The second defense is based upon the allegation that the bond was deposited with the Treasurer of the State of Alabama in trust for the benefit of resident holders of obligations of the Union Indemnity Company in that state, and that the Treasurer of that

state cannot divest himself of said trust, but must himself administer same. It cannot be disputed that the bond is an asset of the state of Alabama and, on the application of the trustee, that it should be administered by the courts of that state. It may be that a trustee cannot be deprived of the administration of a trust fund, but no such issue is presented in this case, and, for that reason, it is not necessary to cite the authorities so holding.

Here, as appellees on page 17 of their brief correctly say:

"The record shows that the Treasurer of Alabama intervened in the Alabama receivership, confessed that he had no facilities for administering the funds, asked the aid of the court in its administration and asked that the court take possession of the deposit and distribute the proceeds among those entitled."

It is true that a trustee cannot be divested of his possession of a statutory trust fund, but no law or jurisprudence deprives such a trustee of the right, in proper cases, such as the one we are considering, from applying to the courts for assistance in the administration and distribution of the fund, or deprives the courts of jurisdiction to grant the relief prayed for. The general rule is stated in 21 Corpus Juris, 130, as follows:

"In all cases of express trusts the trustee has always, if in doubt, the right to apply to the chancery court for a construction of the terms of the trust instrument, and to receive from the court the aid and advice as to the proper manner of performing the duties incumbent upon him as trustee."

For the foregoing reasons, it is our opinion that this defense, when the facts disclosed

by this record are carefully considered, is also without merit. The judgment appealed from is therefore affirmed, at appellant's cost.